1   **WO**

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9   ISRAEL   GARCIA;   JESSENIA   M. )   No. 09-CV-0295-PHX-GMS
    GARCIA;   IVAN   A.   MADRUENO; )
10  PRICILA   ANN   SALADORES; )   **ORDER**
    KATHLEEN L. CONIAM,                   )
11                                        )
              Plaintiffs,                 )
12                                        )
    vs.                                   )
13                                        )
                                          )
14  GMAC MORTGAGE, LLC fka GMAC )
    MORTGAGE     CORPORATION; )
15  EXECUTIVE   TRUSTEE   SERVICES, )
    LLC; WELLS FARGO BANK, N.A.; )
16  RONALD      M.      HORWITZ; )
    RESIDENTIAL      FUNDING )
17  CORPORATION   fka   RESIDENTIAL )
    FUNDING CORPORATION; QUALITY )
18  LOAN   SERVICE   CORPORATION; )
    GMAC MORTGAGE, LLC,                   )
19                                        )
              Defendants.                 )
20  _____ )

21

22       Pending before the Court are the Motions to Dismiss of Defendant Wells Fargo Bank

23  (Dkt. # 6), Defendant Quality Loan Service Corporation (Dkt. # 13), and Defendant Ronald

24  M. Horwitz (Dkt. # 1-2).  Defendants GMAC Mortgage, Residential Funding Company, and

25  Executive Trustee Services joined the motion to dismiss of Defendant Wells Fargo Bank.

26  (Dkt. # 9.)

27       Before "decid[ing] whether the allegations [in the Complaint] state a cause of action

28  on  which  the  court  can  grant  relief  [or]  determin[ing]  issues  of  fact  arising  in  the

1    controversy," the Court must assume subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678,

2    682 (1946).   Federal courts are courts of limited jurisdiction and federal subject mater

3    jurisdiction must exist at the time an action is commenced.   *See Morongo Band of Mission*

4    *Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).   Because of

5    its import, lack of subject matter jurisdiction may be raised at any time by any party or by the

6    court. *See* Fed. R. Civ. P. 12(h); *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d

7    593, 594-95 (9th Cir. 1996).   "If the court determines at any time that it lacks subject-matter

8    jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

9        In removing the action to this Court, Defendants assert that jurisdiction exists pursuant

10   to 28 U.S.C. § 1331.  (Dkt. # 1 ¶ 4.)  Under count one of the Complaint, entitled "Temporary

11   Injunction," Plaintiffs summarily conclude that "Defendants . . . have . . . failed to give

12   proper notice of Notice of Default and Right to Cure and acceleration of the loan transaction

13   as required by 12 U.S.C. § 2601 et seq. and 15 U.S.C. 1601 et seq."  (Dkt. # 1-2 ¶ 8.)  Based

14   on this single statement, Defendants contend that the action "involves claims arising under:

15   (1) Real Estate Settlement Procedure [A]ct [("RESPA")], 12 U.S.C. § 2601 et seq., and (2)

16   Truth-in-Lending Act [("TILA")], 15 U.S.C. § 1601 et seq."  (*Id.*)

17       Unless a complaint presents a plausible assertion of a substantial federal right,

18   however, a federal court does not have jurisdiction.  *See Bell*, 327 U.S. at 682-83 ("[A] suit

19   may sometimes be dismissed for want of jurisdiction where the alleged claim under the

20   Constitution or federal statutes . . . is wholly insubstantial and frivolous."); *Hagans v. Lavine*,

21   415 U.S. 528, 536-37 (1974) ("Over the years this Court has repeatedly held that the federal

22   courts are without power to entertain claims otherwise within their jurisdiction if they are so

23   attenuated and unsubstantial as to be absolutely devoid of merit . . . or no longer open to

24   discussion.")**.**

25       Initially, it is unclear whether Plaintiffs intend to assert federal claims against

26   Defendants based on the single statement referring to TILA and RESPA in the temporary

27   injunction section of the Complaint.  In the event that Plaintiffs do intend to assert claims

28   pursuant to TILA and RESPA, they have failed to plead those claims sufficiently under

1   Federal Rule of Civil Procedure 8 to allow the Court to determine whether it may assume

2   subject matter jurisdiction over the matter.

3        Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to set forth a

4   "short and plain statement" of the claim showing that the plaintiff is entitled to relief and

5   *giving the defendant fair notice of what the claim is and the ground upon which it rests*. *See*

6   Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Porter*, 319 F.3d at 494;

7   *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (holding that a complaint

8   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

9   contain factual allegations sufficient to "raise the right of relief above the speculative

10  level."). Additionally, under Rule 8(d), "each allegation must be simple, concise and direct."

11  *See also* Fed. R. Civ. P. 10(b) (requiring "[a] party [to] state its claims . . . in numbered

12  paragraphs, each limited as far as practicable to a single set of circumstances").

13       After review of the Complaint, the Court finds that the TILA and RESPA allegations

14  fall short of satisfying the requirements of Rule 8.  The Complaint does not put defendants

15  fairly on notice of the claims against them.  While Plaintiffs allege statutory violations under

16  TILA and RESPA, Plaintiffs fail to set forth: (1) the specific sections of those statutes that

17  were violated, (2) which defendants violated those rights; and (3) the factual allegations

18  sufficient to support those violations at the pleading stage.  Additionally, although Plaintiffs

19  appear to assert that all Defendants, including the trustee defendants, failed to give proper

20  disclosures at the time the loan was effectuated, it appears that not all defendants are or could

21  have been responsible for conduct that would support claims under TILA and RESPA.

22       Under Federal Rule of Civil Procedure 12(e), if "a complaint is 'so vague or

23  ambiguous that a party cannot reasonably be required to frame a responsive pleading,' the

24  defendant may move for an order requiring a more definite statement by pointing out 'the

25  defects complained of and the details desired.'"  *Bautista v. County of L.A.*, 216 F.3d 837,

26  843 n.1 (9th Cir. 2000).  "The district court may also order a more definite statement on its

27  own initiative."  *Id.* (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 n.13 (11th

28  Cir. 1996)).  Therefore,

**IT IS HEREBY ORDERED** that, no later than **April 10, 2009**, Plaintiffs shall file and serve: (1) a first amended complaint in compliance with this Order; or (2) a statement that Plaintiffs abandon their claims under TILA and RESPA.

Should Plaintiffs elect to provide a more definite statement of their federal TILA and RESPA claims, Plaintiffs MUST:

(1) present all factual and legal allegations in short, plain statements with each claim for relief identified in separate numbered paragraphs and sections, each limited as far as practicable to a single set of circumstances; and

(2) specifically allege each legal right Plaintiffs believe was violated, the specific defendant(s) who violated the right, a sufficient factual context under *Twombly* to give the defendant(s) notice of what conduct or omission gives rise to the violation (including how the defendant's conduct or omission is connected to the violation of Plaintiff's rights), and the specific injury Plaintiffs suffered because of that defendant's conduct or omission.

DATED this 31st day of March, 2009.

G. Murray Snow
United States District Judge